IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAWN L. DRAGONE, )
 )
      Plaintiff, )
 )
v. ) Case No. 3:09-cv-167
 )
CONSUMER PORTFOLIO SERVICES, )
INC., )
 )
      Defendant. )

## AGREED PROTECTIVE ORDER

It is understood that, during the course of this litigation (the "Litigation"), the parties herein Plaintiff Dawn L. Dragone and Defendant Consumer Portfolio Services, Inc. have produced or received, or will produce or receive, documents, answers to interrogatories and other discovery requests, disclosures and testimony which may reveal confidential information that should not be disclosed except in a restricted manner. It is therefore agreed by the parties, through counsel, that:

    1. This Protective Order ("Order") governs the production and handling of confidential information ("Confidential Information") contained in documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, and other written, recorded or graphic matter (collectively, "discovery material") produced by any person ("disclosing person"), including parties and non-parties, the parties' attorneys of record, and those attorneys' employees, consultants, expert witnesses and agents, during the proceedings in this action.

    2. Confidential Information is limited to documents, materials or other information containing confidential, trade secret, proprietary or privileged information, including but not

limited to the following: sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests of third parties, non-public business information regarding the customers, business operations, assets, contracts, accounts and internal information of the parties, and other commercially and/or competitively sensitive information of a non-public nature or received on a confidential basis. Documents, materials or other information produced containing Confidential Information shall be stamped or labeled "Confidential" by the disclosing person, *provided that* the disclosing person or counsel for the disclosing person has first made a good faith determination that there is a reasonable basis for concluding that the document, material or other information contains Confidential Information. Where information is produced by way of computer disk, CD or other electronic means, and the computer disk, CD or other electronic means is labeled "Confidential," all information contained therein shall be deemed confidential. Where discovery is provided by allowing access to documents for inspection instead of delivering copies of them, all items being inspected shall be considered to have been designated "Confidential". If following the inspection, counsel makes a request in writing for copies of specific documents that were inspected, then with respect to those specific documents only, the disclosing person shall stamp or label the documents "Confidential" within 30 days after counsel's written request for copies or those specific documents only shall no longer be confidential.

     3.     If a question asked at a pre-trial deposition calls for an answer containing Confidential Information, or if the question contains Confidential Information, counsel for the party with an interest in protecting such Confidential Information may request any person that is present at the deposition who would not otherwise be permitted access to the Confidential Information to leave the deposition until that Confidential Information has been disclosed. In

addition, counsel for the party with an interest in protecting such Confidential Information shall, either at the deposition itself or within thirty (30) days after receipt of the transcript thereof, notify all of the counsel on the record or in writing that the information provided in such answer or question is considered confidential and designate the specific portions of such deposition which shall thereafter be subject to the provisions of this Order. The substance and content of all pre-trial depositions shall automatically be deemed "Confidential" until thirty (30) days after receipt of all transcript of such deposition by all parties.

4. If any party serves a subpoena upon a non-party, it shall at the same time serve a copy of such subpoena upon the other parties hereto. Whenever any such non-party provides to the party which served the subpoena any information or discovery material requested in such subpoena, such party shall promptly provide all such information or discovery material to the other parties hereto. Any party may designate such information or discovery material produced by the non-party as "Confidential" pursuant and subject to the restrictions contained in paragraph 2 of this Order, either prior to or ten (10) days subsequent to the information or discovery material being disclosed by the non-party, or ten (10) days subsequent to a party's counsel's receipt of copies of documents or information.

5. With respect to discovery material that has been produced by a disclosing person prior to the date of the entry of this Order by the Court, the parties shall have thirty (30) days after entry of this Order to designate such discovery material as "Confidential" pursuant and subject to the restrictions contained in paragraph 2. In addition, all discovery material that has been produced prior to the date of the entry of this Order and for which the Parties previously agreed in writing or the Court ordered that such materials would be treated as confidential shall automatically be designated "Confidential" and subject the provisions of this Order.

6.      If at any time a party believes in good faith that discovery material designated or sought to be designated as "Confidential" does not warrant such designation, the party shall request in writing ("written request") that the designating party modify or withdraw its designation of confidentiality, and the parties shall make a good faith effort to resolve the dispute (including voice-to-voice dialogue). If the designating party does not agree to re-designation, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the designating party to demonstrate that the confidentiality designation is proper. Until the Court rules on the issue, all parties shall continue to maintain the confidentiality of the discovery material in question, as provided in this Order.

7.      Under this Order, Confidential Information designated "Confidential" shall not be viewed by or disclosed to anyone except:

   a.   The parties and the agents and employees of the parties with a reason to receive Confidential Information;

   b.   Counsel for the parties, and paralegal, clerical and other employees of counsel for either party;

   c.   Court reporters and deposition notaries and staff;

   d.   Independent experts and advisors who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;

   e.   Non-party witnesses during or prior to their examination at deposition or pre-trial hearing; and

   f.   Any other witnesses and deponents who have been previously approved to review Confidential Information by the producing party.

The foregoing persons may not retain copies of any information designated "Confidential" in their possession except as specified in paragraphs 9 and 13 below or unless authorized to do so in writing by the party who designated the Confidential Information.

8. Each of the persons identified in paragraph 7 shall be informed of and agree to abide by this Order before being given access to Confidential Information. In addition, each of the persons identified in paragraphs 7(d), 7(e) and 7(f) to whom Confidential Information is made available shall be informed of and shall agree to abide by this Order by so indicating their agreement on the record in deposition or by signing a Confidentiality Agreement in the form attached as Exhibit A. In addition, each of the persons identified in paragraph 7(e) shall immediately following the deposition or pre-trial hearing return all confidential documents and copies thereof shown to said witness to counsel for the party which provided such confidential documents to the witness.

9. Except as provided for in paragraph 13 below, all copies of information or documents obtained through discovery that are designated "Confidential" shall be maintained at the office(s) of the law firms and/or accounting firms representing the discovering party and/or at the office(s) of any experts or consultants, not regularly employed by any of the parties whose advice and consultation are being or will be used by the parties in connection with preparing for the Litigation. Copies of information or documents obtained through discovery that are designated "Confidential" shall be permitted to leave the premises of the law firm receiving such documents, or the office of an accounting firm, expert or consultant retained by a party, to be shared with a party, or for an authorized purpose in the Litigation if and only if the accountant, expert or consultant or employee thereof transporting or transmitting the document(s) has signed the Confidentiality Agreement attached to this Order, has fully complied with this Order and has undertaken reasonable steps to prevent the document(s) from being disclosed except as provided herein.

10. Confidential Information shall be used only for purposes of this Litigation and not for any other purpose. The parties shall take all steps necessary to see that no person uses or discloses Confidential Information received by them for any other purpose or to any person not permitted to receive such information pursuant to paragraph 7.

11. Neither the termination of the Litigation nor the termination of employment of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

12. In the event a party wishes to submit any document, transcript or thing containing Confidential Information to the Court prior to trial, the parties shall submit it to the Court in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the Litigation, a statement of the nature of the contents, the word "Confidential" and a statement substantially in the following form:

> This envelope is sealed pursuant to an Agreed Protective Order and contains information designated as "Confidential." It is not to be opened or the contents thereof to be displayed or revealed to anyone other than the Court except by order of the Court.

Confidential Information may be used at the trial of this cause, as an exhibit on the record at a deposition or in any confidential submission to a mediator without the requirement that the information be introduced in a sealed envelope or container. Prior to introducing information designated as "Confidential" into evidence or showing such information to a witness the party who seeks to use the information shall provide a copy of the information to all counsel.

13. Within thirty (30) days of the termination of this Litigation or otherwise as the parties may agree, all Confidential Information shall be returned or destroyed. If Confidential Information is destroyed as a result of the fact that it bears the notes of counsel, the party

destroying the information shall provide a written certification that the Confidential Information required to be destroyed by this paragraph has been destroyed. The original copy of such certification shall be provided within ten (10) days of the destruction of the Confidential Information. Notwithstanding the above, each party may retain copies of all pleadings even though the pleadings may contain or have attached Confidential Information. However, each party agrees that copies of pleadings containing or attaching Confidential Information will not be disseminated to any unauthorized third-party.

14. Subject to the provisions of paragraph 12 above, nothing in this Order shall prevent either party from using any Confidential Information at any hearing or at the trial of this matter and nothing in this Order shall prevent either party from providing, showing, or communicating Confidential Information to the Court. Such use shall not be deemed a waiver of confidentiality.

15. Subject to the provisions of paragraph 3 above, nothing in this Order shall prevent either party from using Confidential Information at any deposition. Such use shall not be deemed a waiver of confidentiality.

16. By agreeing to this Order, the parties are not waiving any objections to disclosure and/or production of any information during discovery.

17. The parties may at any time stipulate to a modification of this Order or may move for a modification of this Order by the Court without affecting the continuing validity of this Order.

18. The terms and conditions of the Order shall survive the entry of judgment or dismissal of this action and shall continue in full force and effect thereafter without limitation in time, subject to further order of the Court.

Agreed:

/s/ Mary Catherine Fons
Mary Catherine Fons
Attorney for Plaintiff
Fons Law Office
500 South Page Street
Stoughton, Wisconsin 53589
Phone: (608) 873-1270
Fax: (608) 873-0496

/s/ Jeffrey D. Pilgrim
Jeffrey D. Pilgrim
Attorney for Defendant
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 715
Chicago, Illinois 60604
Phone: (312) 939-0923
Fax: (312) 939-0983

/s/ Luke Wallace
Luke J. Wallace, OBA # 160070
David Humphreys, OBA #12346
Attorneys for Plaintiff
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
Phone: (918) 747-5300
Fax: (918) 747-5311

Upon the foregoing stipulation, IT IS SO ORDERED.

Dated: 12-21 , 2009.

The Honorable Stephen L. Crocker
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAWN L. DRAGONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:09-cv-167 |
| | ) ) |
| CONSUMER PORTFOLIO SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

## CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the attached Agreed Protective Order governing the restricted use of documents and other information designated as Confidential Information pursuant to the Agreed Protective Order, which has been obtained from _____ by reason of discovery in the captioned matter, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Dated: _____

_____